STATE OF MAINE
Cumberland, SS

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 MAY -9 P 4: 04

SUPERIOR COURT
Civil Action
Docket No. CV-02-519
TED- '·/'. _ -·: ·5

STANLEY KALIS,
          Plaintiff

          v.

DECISION AND ORDER ON
MOTIONS TO DISMISS AND
FOR SUMMARY JUDGMENT

RICHARD STRANG, MARJORIE
STRANG, MacDONALD'S
SUPERMARKET and MIDDLESEX
MUTUAL ASSURANCE COMPANY,
          Defendants [1]

## I. STATUS OF CASE

The plaintiff alleges that he suffered serious bodily injuries when he slipped and
fell on the property of the defendants Strang, d/b/a MacDonald's Super Market
(Strang) on October 10, 1996.

The plaintiff initiated this case by filing the complaint with the clerk of courts on
October 9, 2002, the last possible day before the expiration of the statute of limitations.
Pursuant to M.R.Civ.P. 3, he was required to make service upon defendants and file
proof thereof by January 7, 2003. He did not; however, the court granted him two
extensions to make service and file proof with the court. Service was apparently made
on the defendants because counsel entered an appearance and an answer was filed on
behalf of the Strangs shortly before the court imposed a deadline.[2]

Defendant Middlesex Mutual Assurance Company (Middlesex) was never
served with a copy of the complaint or summons, although it was aware of the claim

---

[1] These are the original defendants as named in plaintiff's complaint. Only Richard and Marjorie Strang
remain.

[2] The court granted two separate extensions to Kalis, December 5, 2002 and January 22, 2003. The usual
proof and return of service is not found in the file.

because of preliminary pre-suit inquiries made at a time when plaintiff was represented by counsel. It is not known when plaintiff and counsel parted company, but Mr. Kalis appeared *pro se* at all times since the complaint was filed in October 2002 until a hearing was scheduled on defendants' pending motions to dismiss and for summary judgment in early 2005.

On October 18, 2004 the court (Humphrey, C.J.) dismissed Middlesex for plaintiff's failure to obtain service and excluded expert testimony from being offered by plaintiff for failure to designate experts and comply with discovery.

On October 18, 2004 the court also ordered plaintiff to comply with the ADR requirements of M.R.Civ.P. 16B within 30 days or "this action *shall be dismissed with prejudice.*"[3] (emphasis added). To date, the record does not show that the plaintiff has done anything in an attempt to comply with ADR procedures.

## II. BACKGROUND

Stanley Kalis alleges that on October 10, 1996, he exited MacDonald's Market in Bangor around 7:30 PM. He claims that the stairs were unlighted, the steps were loose, and the railing was missing, which caused him to fall. Kalis alleges that his head was cut open and that he was briefly unconscious. He was taken to Eastern Maine Medical Center, treated, and released. Plaintiff claims that it took many weeks for the swelling on his head to subside and that since the fall he has suffered from dizzy spells and severe headaches.

Kalis' complaint alleges that he has permanent injuries due to the fall, including depression, back pain, and the loss of his "sexual activities." He also alleges that prior to the accident, he had planned to get into the landscaping business, was physically active and dated

---

[3] *See* Order of Chief Justice Humphrey dated October 18, 2004.

often. Kalis alleges the Strangs, as owners of the building, knew the condition of the stairs and fixed the stairs shortly after his accident.

On December 3, 2004 defendants filed a motion to dismiss based on plaintiff's failure to comply with various court orders and deadlines, including the order to complete ADR and his failure to name any experts, which, according to defendants, precludes him from presenting evidence to link his present day maladies to the 1996 fall.

In their answer, the Strangs denied that they were the owners of the market at the time of the accident and that the building was sold in 1993 to one Joseph Perry. In fact, Perry purchased the business but Strang retained title to the real estate through a lease purchase arrangement. After the transfer Strang worked at the store for a short time to assist Perry but had fully withdrawn about three years before the date of plaintiff's fall.

Plaintiff objects to the motion to dismiss, stating his landlord in Florida threw away many of his documents pertaining to this suit, including his medical records and that he is elderly and poor and did not understand the discovery process because he was not represented by counsel. However, it is not just that his landlord discarded records, there is a copy of a letter in the file from Dr. Stephen Typaldos, D.O., dated November 19, 2003 that medical records of a visit in October 1996, the month of the fall, had been destroyed.

In a letter to the court received January 10, 2005, plaintiff suggested two lawyers to mediate a settlement and a medical expert. Plaintiff also requested a July or August 2005 trial date so that he could save money to come to Maine, organize his witnesses, avoid the cold weather, and not default on his apartment lease.

3

Defendants filed a motion for summary judgment on January 18, 2005. This motion is primarily based on plaintiff's failure to designate an expert to link any claims of injury as caused by the fall on the stairs.

Plaintiff obtained counsel in mid-February 2005, who, on May 5, 2005, the day of the scheduled hearing for defendants' motions to dismiss or for summary judgment, filed a Motion to Modify the Scheduling Order to reinstate discovery for plaintiff, and a Motion to Continue to allow for a new discovery period for plaintiff.

## A. Defendants' Motion to Dismiss

Defendants move to dismiss the complaint because the plaintiff is in violation of the October 18, 2004 order that stated that the case would be dismissed with prejudice if plaintiff did not complete the Rule 16B requirements for ADR within 30 days.

Defendants filed this motion on December 3, 2004, with their attorney's affidavit stating that the plaintiff had not complied with the Order. Although the plaintiff did suggest several potential mediators via a January 10, 2005 letter, at that time he was in violation of the court order and the complaint should be dismissed on those grounds alone, and plaintiff's actions do not comply with Rule 16B procedures or requirements.

What is most damning to plaintiff, however, is the court's October 18, 2004 Order that because he failed to designate any medical or other experts, plaintiff is precluding from utilizing any expert witnesses at trial.

In order to maintain a claim, a plaintiff must establish a causal relationship between the injury that is the subject of the lawsuit and the alleged consequences of that injury. *Lovely v. Allstate Ins. Co.*, 658 A.2d 1091, 1094 (Me. 1995). The burden is on the plaintiff to prove that the defendant was negligent and that the negligent conduct proximately caused the plaintiff's claimed injuries. *Cox v. Dela Cruz*, 406 A.2d 620, 622 (Me. 1979). The jury cannot be expected

to determine the proximate cause on its own, especially if that determination is based on speculation.

In the limited medical information that has been provided, there is evidence of prior existing conditions that make it necessary for Kalis to have a medical expert to opine as to the ...cause of the claimed injuries. This is not a situation where the injury is so obvious that a lay jury or any person without medical training can identify an injury. *id.* ("An exception to the rule requiring expert testimony is recognized 'where the negligence and harmful results are sufficiently obvious as to lie within common knowledge . . ..'" [internal citation omitted]) [4] "Allowing a jury to infer causation on complex medical facts without the aid of expert testimony on the subject and without some showing that [the] conduct was 'more likely than not' a cause of [the] injury, stretches the jury's role beyond its capacity." *Merriam v. Wagner*, 2000 ME 159, ¶ 17, 757 A.2d 778, 782.

Plaintiff claims that he has suffered from dizzy spells, depression, insomnia, headaches, and back pain since his fall. To address just one symptom, plaintiff also admitted that he has suffered other injuries to his back. Thus, the back pain he suffers could have either been caused by the 1996 fall, by previous injuries, by age or could have aggravated a pre-existing condition. Without relevant medical records and expert testimony it will be practically impossible to accurately separate plaintiff's pre-existing conditions from those caused by the 1996 incident or subsequent medical conditions that are independent from those caused by the fall.

"Although there may be multiple causes of any one injury, the existence of multiple possibilities makes the need for evidence ... of responsibility for causation all the more important." *Merriam v. Wagner*, 2000 ME 159, ¶ 18, 757 A.2d 778, 782. Without evidence of

---

[4] The court also noted that "expert medical testimony [is] unnecessary in cases involving egregious [conduct] sufficiently apparent as to lie within the understanding of laymen." *Cox*, at 622, n. 1.

what the fall caused (medically speaking), we are left only with speculation. Though plaintiff claims to have been in perfect health before the fall, there is evidence to the contrary in the records that are available and no way to verify his claims without all of his medical records.

Plaintiff's attorney argues that defendants would not be prejudiced by allowing him to name an expert now, as they have been represented by counsel all along and always knew that an expert could be named. However, it is unfair to handicap defendants for being represented and for their attempt to hold plaintiff to relevant deadlines.

Although the court is often fairly liberal in granting extensions requested by *pro se* litigants and in measuring their compliance with procedural requirements, they are held to the same standards as represented parties and cannot be afforded courtesies that inure to the prejudice of parties represented by counsel. *See Department of Environmental Protection v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295, 1297 ("We hold *pro se* litigants to the same standards as represented parties."); *Dufort v. Bangs*, 644 A.2d 6, 7 (Me. 1994)("We have repeatedly held that *pro se* parties are subject to the same standards as represented parties").

In *Gurschick v. Clark* the Law Court specifically stated that holding *pro se* parties to this standard "is particularly true in areas so fundamental as the service of process and statement of the claim," 511 A.2d 36, 36 (Me. 1986), and by logical extension to the procedural aspects of discovery and providing basic information for an opposing party to be informed and be able to mount a valid and knowledgeable defense to a claim.

The plaintiff cannot be allowed to profit from his eleventh hour ability to retain an attorney and last minute efforts to reopen discovery after the case has been pending for over two and a half years and is finally placed on a trial list for May through June, 2005.

## B. Defendants' Motion for Summary Judgment

The motion for summary judgment is based on two arguments: first, that the Strangs were not in possession of the property at the time of the incident and are not responsible; and, second, that because plaintiff never named an expert, he will be unable to link his symptoms to the fall. It is well settled that in a motion for summary judgment all disputed facts are construed in the light most favorable to the non-moving party (Strang).

## 1. Undisputed Facts

An examination of the record shows the following facts to be undisputed.

In 1977 the Strangs purchased real estate in Bangor that included MacDonald's Market and some apartments. From 1977-1993, the Strangs ran the market through a corporation, MacDonald's Market, Inc. In 1993, the Strangs sold the business and lease-sold the building to Joseph Perry so that they could retire. On the advice of counsel, the Strangs did not give title and take back a mortgage; rather they retained title to the building until it is fully paid for.

For a month after the closing, Richard Strang was a paid employee of Perry. During the month that Strang worked for Perry, Perry made all the decisions regarding the market and the building, collected rents, and dealt with tenants. Perry has been in total control of the building since that time. After the summer of 1993, Strang left and has only been in the building two or three times since. Perry is still making payments to the Strangs. Perry's obligation to the Strangs includes paying the purchase price in installments, paying the taxes, and naming the Strangs as additional insureds on his liability insurance policy. The lease with option to buy gives the Strangs the right to enter to view and make improvements to the building, but the lease makes Perry responsible for all building maintenance.

7

Perry, as the possessor of the premises in October 1996 has never been joined as a defendant.[5]

## 2. Disputed Facts

The plaintiff's response to defendant's Statement of Material Facts (SMF) does not sufficiently controvert any essential facts or assert any other facts that raise a dispute as to any material facts.

The only facts that are denied or qualified pertain to whether or not the defendants relinquished control of the property to Perry in 1993. The defendants' assertion that they had turned over control of the premises to Perry is based on the personal knowledge of Richard Strang set out in his affidavit. Kalis has not demonstrated any personal knowledge or other evidence as to who was in possession of the premises in October, 1996. Kalis' affidavit speaks generally to his personal situation, dealings with his former attorney and Middlesex Insurance.

The court concludes that the plaintiff has failed to demonstrate any material facts in dispute that are relevant to the issue here.


## III. DISCUSSION:

The Strangs claim that since 1993 they have not exercised control over the building or the business, and that at the most, they are in a landlord-tenant relationship with Perry.

A landlord is generally not liable for a dangerous condition that comes into being after the lease is executed and the lessee takes exclusive possession and control of the premises.

---

[5] On December 16, 2003 plaintiff filed a statement entitled *Stanley Kalis v. Joseph Perry*, which sets forth the general circumstances of his fall and his injuries. This is accompanied by another document addressed to Perry called "Deposition for Answers" that the court would liberally construe as interrogatories. There is no evidence that these filings were ever served on Perry or that he was ever made a party defendant to this case.

8

*Steward v. Aldrich*, 2002 ME 16, ¶ 10, 788 A.2d 603, 606, *see also* RESTATEMENT (SECOND) OF TORTS, § 355 (1965) (lessor is not subject to liability for any dangerous condition that comes into existence after the lessee has taken possession). A landlord is liable for dangerous conditions on his property under the exclusive control of his tenants when the landlord: 1) fails to disclose the existence of a latent defect which he knows or should have known existed, but which was not known to the tenants or discovered by the tenants; 2) gratuitously undertakes to make repairs and does so negligently; or 3) expressly agrees to maintain the premises in good repair. *Id.* at ¶ 10, 788 A.2d at 606, quoting *Nichols v. Masden*, 483 A.2d 341, 343 (Me. 1984). *Nichols* requires the landlord to establish an absence of control in order to avoid liability for any dangerous conditions on the premises. In order to avoid liability for harm caused by a dangerous condition on the premises, the landlord must prove lack of control and that none of the *Nichols* exceptions apply. *Stewart v. Aldrich*, 2002 ME 16, ¶ 10, 788 A.2d 603, 607.

"Control" means a power over the premises that the landlord reserves pursuant to the terms of the lease or the tenancy, whether express or implied. *Stewart*, 2002 ME 16, ¶ 13, 788 A.2d 603, 607. Landlords are more likely to be liable when they reserve some power over the premises pursuant to the terms of the lease. *Id.* While defendants reserved the right in the lease to enter the building to view and make improvements, it was Perry who was responsible for all maintenance at the building.

Mr. Strang alleges that the sale and lease sale took place in the summer of 1993 and that since then he has only been to building two or three times. Strang further alleges that he gave over complete control and possession of the building and the business to Perry at the closing in July 1993. The Lease states, "Lessee shall be responsible for keeping the exterior and interior of the premises ... in good repair and shall be responsible for all maintenance of any kind."

9

Plaintiff alleges that his injuries were due to bad lighting, a loose stair, and no handrail. All of these were problems that the tenant should have discovered in his exercise of reasonable care. The defendants never agreed to maintain the premises and did not agree to perform repairs on the premises. The safety issues that plaintiff alleges led to his fall were obvious and Perry must have been aware of them. Perry was responsible for building maintenance. The fact that the defendants retained the right to enter the building does not generate an issue of material fact sufficient to withstand a motion for summary judgment when Strang's assertions that he had no control over the premises are uncontroverted.

A review of the file shows that the court has provided numerous extensions to the plaintiff to allow him to make service, to get information, to respond to discovery, to arrange for ADR and to generally comply with the rules of procedure. Kalis' responses have been directly to the court and follow a general theme that he is *pro se*, that he is elderly, without substantial means to finance this litigation, is confused and unfamiliar with court rules and proceedings.

Notwithstanding his difficult circumstances, the defendants are entitled to stand on their rights to hold the plaintiff to his proof, especially after not being given any notice of plaintiff's claims until six years and eight months after the accident and more than nine years after they conveyed the business to Perry and retired to a new life.

## IV. DECISION AND ORDER FOR JUDGMENT

The clerk will make the following entries and the Orders and judgment of the court:

A. Plaintiff's Motion to Modify the Scheduling Order is denied.

B. Plaintiff's Motion to Continue is denied.

C. The defendants are entitled to a dismissal based on plaintiffs' repeated failure to appropriately respond to discovery and for absolute failure to comply with the court's Order regarding ADR.

10

D. Defendants' Motion to Dismiss with prejudice is granted.

E. Plaintiffs' complaint is dismissed with prejudice.

F. The defendants would otherwise be entitled to summary judgment; however, because the court has dismissed the complaint, the issue is moot and an Order is not required.

G. The defendants are awarded their costs as allowed by rule and statute.

SO ORDERED.

Date: May 9, 2005

Thomas E. Delahanty II
, Justice, Maine Superior Court

11

STANLEY G. KALIS  - PLAINTIFF

Attorney for: STANLEY G. KALIS
ANDREWS B CAMPBELL  - RETAINED 02/17/2005
CAMPBELL LAW OFFICE
45 KALERS CORNER ROAD
WALDOBORO ME 04572


Attorney for: STANLEY G. KALIS
RICK GORDON WINLING  - RETAINED 03/14/2005
SMITH ELLIOT SMITH & GARMEY
199 MAIN ST
PO BOX 1179
SACO ME 04072



vs
RICHARD STRANG JR - DEFENDANT

Attorney for: RICHARD STRANG JR
CHARLES GILBERT III - RETAINED 06/26/2003
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339


MARJORIE STRANG  - DEFENDANT

Attorney for: MARJORIE STRANG
CHARLES GILBERT III - RETAINED 06/26/2003
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339


MACDONALD'S SUPER MARKET - DEFENDANT
MUTUAL ASSURANCE COMPANY DISMISSED - DEFENDANT


Filing Document: COMPLAINT                    Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 10/09/2002

## Docket Events:
10/09/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/09/2002

12/02/2002 Party(s):  STANLEY G. KALIS
            MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/02/2002
            BY PLAINTIFF (IN LETTER FORM) TO EXTEND TIME FOR SERVICE WITH ATTACHMENTS

12/10/2002 Party(s):  STANLEY G. KALIS
            MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/05/2002
            THOMAS E HUMPHREY , JUSTICE
            PLAINTIFF IS GRANTED AN EXTENSION OF 90 DAYS FROM THE DATE OF THIS ORDER TO FILE PROOF OF
            SERVICES UPON THE DEFENDANT. PLAINTIFF MAY WISH TO CONSIDER ALTERNATE METHODS OF SERVICES
            PURSUANT TO RULE 4 OF THE MAINE RULES OF CIVIL PROCEDURE. COPY MAILED STANLEY KALIS, P.O.
            BOX 362, BRUNSWICK, ME 04011 ON 12-10-02.

01/21/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 01/22/2003
FROM STANLEY KALIS REQUESTING EXTENSION FOR SERVICE

1-22-03 PLAINTIFF'S REQUEST FOR
FURTHER EXTENSION OF TIME TO FILE PROOF OF SERVICE UPON DEFENDANT'S IS GRANTED AND THE
TIME IS EXDTENDED TO 6-30-03 (HUMPHREY, J.) COPY MAILED TO STANLY KALIS ON 1-24-03

03/06/2003 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/06/2003
THOMAS E HUMPHREY , JUSTICE

06/26/2003 Party(s): RICHARD STRANG JR,MARJORIE STRANG
RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 06/26/2003
OF DEFENDANTS RICHARD STRANG, JR. AND MARJORIE STRANG.

06/26/2003 Party(s): RICHARD STRANG JR
ATTORNEY - RETAINED ENTERED ON 06/26/2003
Defendant's Attorney: CHARLES GILBERT III

Party(s): MARJORIE STRANG
ATTORNEY - RETAINED ENTERED ON 06/26/2003
Defendant's Attorney: CHARLES GILBERT III

07/01/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 07/01/2003
FROM STANLEY G. KALIS REGARDING SERVICE AND STATING HE IS LOOKING FOR ASSISTED CARE, HE
WILL BE RECEIVING MAIL AT BRUNSWICK ADDRESS UNTIL 8-1-03 AND NEEDS 30 DAYS NOTICE OF ANY
HEARINGS

07/01/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 07/01/2003
FROM STANLEY G. KALIS REGARDING SERVICE AND STATING HE IS LOOKING FOR ASSISTED CARE, HE
WILL BE RECEIVING MAIL AT BRUNSWICK ADDRESS UNTIL 8-1-03 AND NEEDS 30 DAYS NOTICE OF ANY
HEARINGS WITH ATTACHMENT

07/01/2003 LETTER - FROM NON-PARTY FILED ON 07/01/2003
FROM THE COURT TO MR. KALIS IN RESPONSE TO HIS LETTER RECEIVED SAME DATE

07/09/2003 ORDER - SCHEDULING ORDER ENTERED ON 07/09/2003
THOMAS E HUMPHREY , JUSTICE
DISCOVERY DEADLINE IS MARCH 9, 2004. ON 07-09-03 COPIES MAIELD TO STANLEY G.KALIS AT P.O.
BOX 362, BRUNSWICK, MAINE 04011-0362, MACDONALD SUPER MARKETAT 200 GARLAND STREET, BANGOR,
MAINE, MIDDLESEX MUTUAL ASSURANCE COMPANY - CLAIMS DEPT. P.O. BOX 1836, BRUNSWICK, MAINE
04011-1836.CHARLES GILBERT, III, ESQ.

07/11/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 07/11/2003
FROM PLAINTIFF WITH ATTACHMENTS REGARDING MOVING TO NEW MEXICO, OBTAINING COUNSEL AND
HEARINGS

07/15/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 07/11/2003
FROM CHARLES GILBERT, III, ESQ. STATING HE RECEIVED THE SCHEDULING ORDER DATED JULY 9,
2003 AND IT IS HIS UNDERSTANDING THAT THE SCHEDULING ORDER WAS ISSUED PREMATURELY, BECAUSE

IT SHOULD NOT ISSUE UNTIL ALL DEFENDANTS HAVE EITHER ANSWERED OR BEEN DEFAULTED.

07/17/2003 Party(s): RICHARD STRANG JR,MARJORIE STRANG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/17/2003
DEFENDANTS' REQUEST FOR ADMISSIONS; DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED ON STANLEY G. KALIS, PRO SE ON JULY 15, 2003.

07/22/2003 NOTE - OTHER CASE NOTE ENTERED ON 07/11/2003
LETTER TO MACDONALD SUPER MARKET RETURNED FROM POST OFFICE ON THIS DATE.

08/19/2003 Party(s): STANLEY G. KALIS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/14/2003
ANSWER TO NOTIFICATION OF DISCOVERY SERVICE. DEFENDANTS REQUEST FOR ADMISSION. COPIES SENT
TO CHARLES E. GILBERT, III, ESQ. ON 08-19-03.

08/19/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 08/14/2003
FROM STANLEY KALIS STATING HE RETURNED TO MAINE AND RECEIVED THE NOTICE FROM MR. GILBERT
III, ESQS. HE NEEDS TO SERVE MR. PERRY A SUMMONS/MUST DIG UP MORE INFORMATION ON HIM.
COPIES OF THIS LETTER SENT TO CHARLES GILBERT, III, ESQ. ON THIS DATE.

08/19/2003 Party(s): RICHARD STRANG JR,MARJORIE STRANG,MACDONALD'S SUPER MARKET,MUTUAL ASSURANCE COMPANY
DISMISSED
NOTE - OTHER CASE NOTE ENTERED ON 08/14/2003
SPOKE TO CHARLES GILBERT, III, ESQ. SECRETARY TO INQUIRER IF MR STANLEY KALIS HAS
SUBMITTED PLEADINGS ON THIS CASE. SHE INFORMED ME SHE DID NOT RECEIVED SOME OF THEM. I
SUBMITTED THE AUG 14TH, 2003 PLEADINGS. TOLD HER TO WRITE TO MR. STANLEY TO REMIND HIM TO
SUBMIT THESE PLEADINGS TO CHARLES GILBERTIII, ESQ. AND TO SEND A COPIES TO THE COURT.

08/28/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 08/27/2003
COPY OF LETTER FROM PLAINTIFF TO CHARLES GILBERT III ESQ.

09/09/2003 Party(s): RICHARD STRANG JR,MARJORIE STRANG
LETTER - FROM PARTY FILED ON 09/09/2003
DALE A BROTHERSTON , ASSISTANT CLERK-E
LETTER FROM ATTORNEY CHARLES GILBERT FOR DEFENDANTS RICHARD AND MARJORIE STRANG REUESTING
CONFERENE WITH COURT ON DISCOVERY DISPUTE. ATTORNEY GILBERT STATES THAT RESPONSES HE
RECEIVED FROM PLAINTIFF RE REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION ARE
INADEQUATE. HAS ATTEMPTED TO RESOLVE DISPUTE TO NO AVAIL.

09/11/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 09/11/2003
REGARDING CASE (GA)

09/15/2003 Party(s): RICHARD STRANG JR,MARJORIE STRANG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/09/2003
DEFENDANTS' REQUEST FOR ADMISSIONS; DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED ON STANLEY G. KALIS, PRO SE ON JULY 15, 2003.(WITH ATTACHMENTS) (AD)

09/26/2003 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 09/26/2003
FROM STANLEY G. KALIS WITH ATTACHMETNS REGARDING CASE

10/17/2003 ORDER - SCHEDULING ORDER VACATED ON 10/10/2003
THOMAS E HUMPHREY , JUSTICE
THE SCHEDULING ORDER DATED 7/09/03 IS VACATED BECAUSE SERVICE OF PROCESS HAS NOT BEEN
COMPLETED AS TO ALL DEFENDANTS. ON 10-17-03 COPIES MAILED TO STANLEY KALIS AT P.O. BOX
836, LUTZ, FLORIDA 33549 AND CHARLES GILBERT, ESQ.

10/23/2003 Party(s):  RICHARD STRANG JR,MARJORIE STRANG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/20/2003
DEFENDANTS' RESPONSE TO PLAINTIFF REQUEST FOR PRODUCTION OF DOCUMENTS AND DFENDANTS'
ANSWERS TO INTERROGATORIES SERVED ON STANLEY G. KALIS, PRO SE, ON 10-16-03.  (LLS)

10/23/2003 Party(s):  STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 10/23/2003
FROM PLAINTIFF, STANLEY G. KALIS.

10/23/2003 Party(s):  RICHARD STRANG JR,MARJORIE STRANG,MACDONALD'S SUPER MARKET,MUTUAL ASSURANCE COMPANY
DISMISSED
LETTER - FROM PARTY FILED ON 10/22/2003
FROM CHARLES GILBERT, III, ESQ. STATING HE WANTS TO PLACE ON RECORD HIS STATEMETN THAT HE
BELIEVES THEY HAVE FULLY COMPLIED WITH MR. KALIS' REQUEST.

11/03/2003 Party(s):  STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 11/03/2003
FROM STANLEY G. KALIS REGARDING CONSULTING WITH ATTORNEYS (GA)

12/09/2003 Party(s):  STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 12/08/2003
FROM STANLEY G. KALIS WITH ATTACHMENT REGARDING TAX RECORDS AND MEDICAL ISSUES (GA)

12/17/2003 Party(s):  STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 12/16/2003
COPY OF LETTER TO JOSEPH PERRY FROM STANLEY KALIS WITH ATTACHMENT REGARDING CASE FILED
(GA)

12/19/2003 Party(s):  RICHARD STRANG JR,MARJORIE STRANG
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/09/2003
DEFENDANTS' MOTOIN FOR AN ENLARGEMENT OF TIME IN WHICH TO DESIGNATE EXPERT WITNESSES WITH
INCORPORATED MEMORANDUM OF LAW. (AD).

12/29/2003 Party(s):  STANLEY G. KALIS
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/22/2003
PLAINTIFF'S EXTENSION OF TIME TO ANSWER ALL QUESTIONS OF DEFENDANTS' INTERROGATOREIS
ATTEST 60 DAYS WITH ATTACHMENTS. (AD).

01/14/2004 Party(s):  RICHARD STRANG JR,MARJORIE STRANG
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/12/2004
THOMAS E HUMPHREY , JUSTICE
IT IS ORDERED THAT THE PLAINTIFF SHALL PROVIDE FULL AND COMPLETE MEDICAL RECORDS AS
REQUESTED BY DEFENDANTS UNDER REQUEST FOR PRODUCTION DATED JULY 15, 2003, ON OR BEFORE
2/13/04, AND DEFENDANTS MAY DESIGNATE ANY EXPERT WITNESSES WITHIN FORTH (40) DAYS
THEREAFTER. THIS ORDER IS WITHOUT PREJUDICE TO ANY FURTHER MOTION BY DEFENDANTS RELATING
TO PLAINTIFF'S ALLEGED FAILURE TO TIMELY DESIGNATE HIS OWN EXPERTS. ON 01-14-04 COPIES

MAILED TO STANLEY KALIS AT P.O. BOX 836, LUTZ, FL 33549, C GILBERT, ESQ

01/14/2004 Party(s): STANLEY G. KALIS
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/13/2004
THOMAS E HUMPHREY , JUSTICE
PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO COMPLY WITH PENDING DISCOVERY REQUESTS IS
GRANTED, AS FOLLOWS: THE DEADLINE FOR COMPLYING IS 2/13/04.    ON 01-13-04 COPIES MAILED
TO STANLEY KALIS AT P.O. BOX LUTZ, FLORIDA 33549-0836 AND CHARLES GILBERT, ESQ.

01/28/2004 Party(s): RICHARD STRANG JR,MARJORIE STRANG
OTHER FILING - OBJECTION TO REFEREE REPORT FILED ON 01/28/2004
DEFENDANTS', RICHARD AND MARJORIE  STRANG'S, OBJECTION TO ANY FURTHER ENLARGEMENTS.   (LLS)

01/29/2004 Party(s): STANLEY G. KALIS
OTHER FILING - OTHER DOCUMENT FILED ON 01/26/2004
CONTINUING SEARCH BY PLAINTIFF. (AD).

03/05/2004 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 03/03/2004
FROM STANLEY KALIS (PROSE0 STATING HE HAS NOT HEARD FROM JOSPEH PERRY OF BANGOR OF HIS
DEPOSITION TO HIM. AND HAVE NOT HEARD FROM JOSEPH PERRY 'S INSURANCE COMPANY, MIDDLESEX
MUTUAL ASSURANCE CO. OF BRUNSWICK, MAINE WITH ATTACHMENTS. AD

03/10/2004 Party(s): RICHARD STRANG JR,MARJORIE STRANG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/10/2004
DEFENDANTS' RESPONSES TO PLAINTIFF'S QUESTIONS RECEIVED 02-12-04 SERVED ON STANLEY G.
KALIS, PRO SE 03-9-04.   (LLS)

03/26/2004 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 03/22/2004
FROM STANLEY KALIS INFORMING THE COURT THAT ON FEBRUARY 10, 2004, HE MAILED BY CERTIFIED A
PACKAGE OF ALL MEDICAL RECORDS, COST ETC, ANSWERS TO THEIR INTERROGATORIES PROPOUNDED UPON
PLAINTIFF. AD

03/26/2004 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 03/22/2004
FROM STANLEY KALIS STATING TO DATE HE HAD NOT RECEIVED MEDICAL REPORT FROM ST. MARY'S
HOSPITAL - LEWISTON, MAINE 1990 TO 1994. AD

05/05/2004 ORDER - COURT ORDER ENTERED ON 05/03/2004
THOMAS E HUMPHREY , JUSTICE
PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO SERVE ADDITIONAL DEFENDANT, AND TO ANSWER
PENDING DISCOVERY REEQUEST IS DENIED ON AND AFTER THE DATE OF THIS ORDER. ON 05-05-04
COPIES MAILED TO

05/05/2004 ORDER - SCHEDULING ORDER ENTERED ON 05/05/2004
THOMAS E HUMPHREY , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  ON 05-05-04
COPIES MAILED TO CHARLES GILBERT, III, ESQ. AND STANLEY KALIS AT 2480  CYPRESS POND ROAD
P.O. BOX 314, PALM HARBOR, FLORIDA 34683.

05/05/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 01/05/2005

05/14/2004 Party(s): STANLEY G. KALIS
           LETTER - FROM PARTY FILED ON 05/10/2004
           FROM STANLEY G. KALIS WITH ATTACHMENTS REGARDING COUNSEL FILED.
                                                5-14-04 NOTE WITH SAMUEL SHERRY
           ESQ ADDRESS SENT TO PLAINTIFF


08/11/2004 ORDER - FINAL PRETRIAL ORDER ENTERED ON 08/11/2004
           G ARTHUR BRENNAN , JUSTICE
           RULE 16(B) PRETRIAL ORDER ENTERED. ON 08-11-04 COPIES MAILED TO STANLEY KALIS AT P.O. BOX
           362, BRUNSWICK, MAINE 04011 AND CHARLES GILBERT, III, ESQ. AD


08/20/2004 Party(s): RICHARD STRANG JR,MARJORIE STRANG
           LETTER - FROM PARTY FILED ON 08/20/2004
           FROM CHARLES GILBERT, III, ESQ. WRITING THIS LETTER TO LET US KNOW THE DISCOVERY DEADLINE
           IS JAN, 05. AD


08/24/2004 NOTE - OTHER CASE NOTE ENTERED ON 08/24/2004
           LETTER TO STANLEY KALIS, P.O. BOX 362, BRUNSWICK, ME 04011 RETURNED FROM THE POST OFFICE.
           AD


09/10/2004 ORDER - COURT ORDER ENTERED ON 09/10/2004
           THOMAS E HUMPHREY , JUSTICE
           IT IS ORDERED AS FOLLOWS: 1. THE COMPLAINT WAS FILED ON OCTOBER 9, 2002, BUT TO DATE PROOF
           OF SERVICE HAS NOT BEEN FILED REGARDING THE NAMED DEFENDANT MUTUAL ASSURANCE COMPANY.
           M.R.CIV.P.3("THE RETURN OF SERVICE SHALL BE FILED WITH THE COURT WITHIN 90 DAYS AFTER THE
           FILING OF THE COMPLAINT"). ON MAY 3, 2004, THE COURT DENIED THE PLAINTIFF'S REQUEST FOR AN
           EXTENSION OF TIME TO SERVE ADDITIONAL DEFENDANTS. BASED UPON THE FOREGOING, THE PLAINTIFF
           SHALL HAVE 15 DAYS FROM THE DATE OF THIS ORDER WITH-  IN WHICH TO FILE A MOTION AND
           SUPPORTING JUSTIFICATION TO RETAIN THE ACTION AS AGAINST MUTUAL ASSURANCE COMPANY ON THE
           DOCKET. IF SUCH A MOTION IS NOT TIMELY FILED OR IF SUFFICIENT JUSTIFICATION IS NOT SHOWN,
           THE CLAIM AGAINST MUTUAL ASSURANCE COMPANY SHALL BE DISMISSED WITH PREJUDICE. 2. THIS CASE
           IS REMOVED FROM THE TRIAL LIST FOR THE PERIOD FROM SEPTEMBER 7, 2003 TO OCTOBER 29, 2004,
           AND THE RELATED PRETRIAL ORDER, DATED AUGUST 11, 2004, ISS VACATED. PURSUANT TO
           M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS ORDER ON THE CIVIL DOCKET BY A
           NOTATION INCORPORATING IT BY REFERENCE. ON 09-10-04 COPIES MAILED TO CHARLES GILBERT, III,
           ESQ. AND STANLEY KALIS AT 2480 CYPRESS POND ROAD BOX #314 PALM HARBOR, FLORIDA 34683. AD

09/13/2004 Party(s): STANLEY G. KALIS
           LETTER - FROM PARTY FILED ON 09/10/2004
           FROM STANLEY KALIS STATING HE NEEDS TO SPEND THE WINTER MONTHS IN FLORIDA FOR ASSISTED
           WALKING WITH THE AID OF HIS SON WITH ATTACHMENTS. AD


09/13/2004 Party(s): RICHARD STRANG JR,MARJORIE STRANG
           MOTION - OTHER MOTION FILED ON 09/10/2004
           OF DEFENDANTS' MOTION TO PRECLUDE USE OF EXPERTS WITH INCORPORATED MEMORANDUM OF LAW. AD


09/13/2004 Party(s): RICHARD STRANG JR,MARJORIE STRANG
           MOTION - MOTION TO DISMISS FILED ON 09/10/2004
           OF DEFENDANTS, RICHARD AND MARJORIE STRANG ( OR MOTION FOR OTHER RELIEF)AD


09/23/2004 Party(s): STANLEY G. KALIS
           LETTER - FROM PARTY FILED ON 09/22/2004
           FROM STANLEY KALIS WITH ATTACHMENTS DO ENTER ON RECORD: NO RELIEF FOR DEFENDANT BE

GRANTED. AD

10/19/2004 Party(s): RICHARD STRANG JR,MARJORIE STRANG
MOTION - OTHER MOTION GRANTED ON 10/18/2004
THOMAS E HUMPHREY , JUSTICE
OF DEFENDANTS' MOTION TO PRECLUDE USE OF EXPERTS WITH INCORPORATED MEMORANDUM OF LAW; ON
MOTION OF DEFENDANTS, RICHARD AND MARJORIE STRANG AND FOR CAUSE SHOWN, IT APPEARING THAT
PLAINTIFF HAS FAILED TO DESIGNATE ANY MEDICAL OR OTHER EXPERTS, IT IS ORDERED THAT THE
PLAINTIFF IS PRECLUDED FROM UTILIZING ANY EXPERT WITNESSES, SHOULD THIS MATTER PROCEED TO
TRIAL. ON 10-19-04 COPIES MAILED TO CHARLES GILBERT, III, ESQ. AND STANLEY KALIS AT 2480
CYPRESS POND ROAD, APT 812, PALM HARBOR, FL 34683-1520.

10/19/2004 ORDER - COURT ORDER ENTERED ON 10/18/2004
THOMAS E HUMPHREY , JUSTICE
TO DATE, THE PLAINTIFF HAS NEITHER FILED SUCH A MOTION, NOR PROVIDED SUCH JUSTIFICATIKON.
BASED UPON TH EFOREGOING, IT IS ORDERED THAT THE CLAIM AGAINST MUTUAL ASSURANCE COMPANY IN
THIS CASE IS DISMISSED WITH PREJUDICE. PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED
TO ENTER THIS ORDER ON THE CIVIL DOCKET BY A NOTATION INCORPORATING IT BY REFERENCE. ON
10-19-04 COPIES MAILED TO CHARLES GILBERT, III, ESQ. AND STANLEY KALIS AT 2480 CYPRESS
POND ROAD, APT 812 PALM HARBOR, FL 34683-1520 AD

10/19/2004 Party(s): RICHARD STRANG JR,MARJORIE STRANG
MOTION - MOTION TO DISMISS GRANTED ON 10/18/2004
THOMAS E HUMPHREY , JUSTICE
ON MOTION OF DEFENDANTS, RICHARD AND MARJORIE STRANG AND FOR CAUSE SHOWN, IT IS ORDERED
THAT THIS ACTION SHALL BE DISMISSED WITH PREJUDICE, UNLESS, WITHIN THIRTY(30) DAYS,
PLAINTIFF COMPLETES THE REQUIREMENTS OF RULE 16B REGARDING ALTERNATIVE DISPUTE RESOLUTION,
AND CAUSES THE ADR PROVIDER TO FILE AREPORT OF THE ADR CONFERENCE WITHIN FORTY (40) DAYS
HEREOF. ON 10-19-04 COPIES MAILED TO STANLEY KALIS AT 2480 CYPRESS POND ROAD, APT 812 PALM
HARBOR, FL 34683-1520

11/08/2004 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 11/05/2004
FROM STANLEY KALIS INFORMING THE DEFENDANTS AND JUSTICE, SUPERIOR COURT, THAT I, STANLEY
G. KALIS THE RULES PURSUANT TO M.R.CIV.P.79(A) OR ANY OTHER SUCH RULES PERTAINING T THIS
CASE. HE IS ENTITLED TO HAVE ATTORNEY TO DISCUSS ALL SUCH MATTERS BY HIS UNDERSTANDING
WITH ATTACHMENTS. AD

11/09/2004 Party(s): RICHARD STRANG JR,MARJORIE STRANG
OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/09/2004
OF DEFENDANTS STRANG IN OPPOSITION TO PLAINITFF'S MOTION TO "PUT EVERYTHING ON HOLD" (DC)

11/23/2004 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 11/22/2004
FROM STANLEY KALIS STATING THAT NO RELIEF SHOULD BE GRANTED TO DEFENDANT'S MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO "PUT EVERYTHING ON HOLD". AD

12/03/2004 Party(s): STANLEY G. KALIS
MOTION - MOTION TO DISMISS FILED ON 12/03/2004
OF DEFENDANTS' MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS,
INCLUDING ORDERS TO COMPLETE ADR WITH INCORPORATED MEMORANDUM OFLAW; AFFIDVIT CHARLES E.
GILBERT, III. AD

12/13/2004 Party(s): STANLEY G. KALIS
OTHER FILING - REPLY MEMORANDUM FILED ON 12/13/2004
PLAINITFF, STANLEY G KALIS, ANSWER TO DEFENDANTS' MOTION TO DISMISS OR  FOR OTHER RELIEF.
(LJ)

12/23/2004 Party(s): STANLEY G. KALIS
OTHER FILING - REPLY MEMORANDUM FILED ON 12/23/2004
OF DEFENDANTS' REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO
DISMISS OR FOR OTHER RELIEF. AD

12/27/2004 Party(s): STANLEY G. KALIS
OTHER FILING - WITNESS LIST FILED ON 12/27/2004
OF PLAINTIFF'S. AD

01/10/2005 Party(s): STANLEY G. KALIS
OTHER FILING - REPLY MEMORANDUM FILED ON 01/10/2005
COPY OF DEFENDANTS' REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S ANSWER TO DEFENDANTS'
MOTION TO DISMISS FOR FOR OTHER RELIEF WITH ATTACHMENTS  (DC)

01/10/2005 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 01/10/2005
FROM STANLEY KALIS REGARDING SCHEDULING ISSUES  (DC)

01/18/2005 Party(s): STANLEY G. KALIS
OTHER FILING - OTHER DOCUMENT FILED ON 01/18/2005
COPY OF PLAINTIFF'S BRIEF WITH ATTACHMENTS  (DC)

01/20/2005 Party(s): RICHARD STRANG JR,MARJORIE STRANG
MOTION - MOTION SUMMARY JUDGMENT FILED ON 01/18/2005
OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMORANDUM OF LAW; STATEMENT
OF UNDISPUTED MATERIAL FACTS; AFFIDAVIT OF RICHARD STRANG; REQUEST FOR HEARING. PROPOSED
ORDER. AD

02/14/2005 Party(s): RICHARD STRANG JR,MARJORIE STRANG
LETTER - FROM PARTY FILED ON 02/14/2005
FROM CHARLES GILBERT, III, ESQ. STATING THAT DEFS. RICHARD AND MARJORIE STRANG OBJECT TO
RECENT PAPERS FILED BY PLAINTIFF INFERRING A REQUEST FOR CONTINUANCE FROM THE HEARING
SCHEDULED FOR 2-22-05  (DC)

02/16/2005 Party(s): STANLEY G. KALIS
LETTER - FROM PARTY FILED ON 02/09/2005
FROM PLAINTIFF, STANLEY KALIS STATING IT HAS BEEN OVER 18 MONTHS, THE DEFENDANTS THROUGH
THEIR ATTORNEY SENDING HIM QUESTIONS AFTER QUESTIONS FOR ANSWERS. AD

02/16/2005 Party(s): STANLEY G. KALIS
RESPONSIVE PLEADING - RESPONSE FILED ON 02/09/2005
OF PLAINTIFFS RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WIHT INCORPORATED
MEMORANDUM OF LAW WITH ATTACHMENTS. AD

02/16/2005 Party(s): STANLEY G. KALIS
OTHER FILING - ENTRY OF APPEARANCE FILED ON 02/15/2005
OF ANDREWS CAMPBELL, ESQ. AS COUNSEL FOR PLAINTIFF, STANLEY KALIS. AD

02/16/2005 Party(s): STANLEY G. KALIS
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/15/2005
OF PLAINTIFF, STANLEY KALIS MOTION FOR ENLARGEMENT OF TIME. AD

02/17/2005 Party(s): STANLEY G. KALIS
ATTORNEY - RETAINED ENTERED ON 02/17/2005
Plaintiff's Attorney: ANDREWS B CAMPBELL

02/17/2005 Party(s): STANLEY G. KALIS
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/17/2005
THOMAS E DELAHANTY II, JUSTICE
ORDER FOR ENLARGEMENT OF TIME; OF PLAINTIFF, ENLARGEMENT OF TIME IS GRANTED TO FILE
OPPOSITION, STATEMENT OF MATERIAL FACT IN OPPOSITION, AND AFFIDAVITS IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. THE CLERK IS DIRECTED TO RESCHEDULE PENDING
MOTION FOR SUMMARY JUDGMENT ON FIRST AVAILABLE DATE AFTER MARCH 21, 2005. MOTION GRANTED
OVER DEFENDANT'S OBJECTION. ON 02-17-05 COPIES MAILED TO CHARLES GILBERT, III, AND ANDREWS
CAMPBELL, E    SQS. AD

02/17/2005 Party(s): RICHARD STRANG JR,MARJORIE STRANG,MACDONALD'S SUPER MARKET
LETTER - FROM PARTY FILED ON 02/17/2005
COPY OF LETTER FROM CHARLES GILBERT, III TO ANDREWS CAMPBELL, ESQ. ENCLOSING THIS LETTER
TO THE COURT DATED FEBRUARY 11, 2005, A COPY OF WHICH WAS SENT DIRECTLY TO HIS CLIENT
BEFORE HE LEARNED OF THEIR APPEARANCE IN THIS CASE. THE POSITION EXPRESS IN THAT LETTER
REMAINS HIS POSITION TODAY, ESPECIALLY CONSIDERING THE FACT THAT THE MOTION FOR SUMMARY
JUDGMENT CONTAINED THE RULE 56(H) NOTICE AND WELL IN EXCESS OF 21 DAYS HAS PASSED SINCE
THAT NOTICE WAS SERVED. AD

02/18/2005 Party(s): STANLEY G. KALIS
OTHER FILING - AFFIDAVIT FILED ON 02/18/2005
OF STANLEY KALIS (GM)

02/18/2005 Party(s): RICHARD STRANG JR,MARJORIE STRANG,MACDONALD'S SUPER MARKET,MUTUAL ASSURANCE COMPANY
DISMISSED
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/18/2005
OF DEFENDANTS TO PLAINTIFF'S MOTION FOR ENLARGEMENT (GM)

03/15/2005 Party(s): STANLEY G. KALIS
OTHER FILING - ENTRY OF APPEARANCE FILED ON 03/14/2005
OF RICK G. WINLING AS CO-COUNSEL FOR PLAINTIFF STANLEY KALIS. AD

03/15/2005 Party(s): STANLEY G. KALIS
ATTORNEY - RETAINED ENTERED ON 03/14/2005
Plaintiff's Attorney: RICK GORDON WINLING

03/15/2005 Party(s): STANLEY G. KALIS
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/14/2005
PLAINTIFF'S REQUEST FOR ENLARGEMENT OF TIME;  AD

03/15/2005 Party(s): STANLEY G. KALIS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/14/2005
PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH
INCORPORATED MEMORANDUM OF LAW; UNSIGNED SWORN AFFIDAVIT OF PLAINTIFF STANLEY KALIS
(ORIGINAL TO FOLLOW); PLAINTIFF'S OPPOSING STATEMENT OF MATERIAL FACTS; AD

03/17/2005 Party(s):  STANLEY G. KALIS
         OTHER FILING - AFFIDAVIT FILED ON 03/17/2005
         OF STANLEY G. KALIS (JBG).

03/22/2005 Party(s):  RICHARD STRANG JR,MARJORIE STRANG
         LETTER - FROM PARTY FILED ON 03/22/2005
         FROM CHARLES E. GILBERT, III, ESQ. TO ALINE STATING THE DEFENDANT'S POSITION TO THE
         RECENTLY FILED MOTION TO FILE {THE} AFFIDAVIT LATE AND THE DEFENDANT'S POSITION ON THE
         PURPORTED ENLARGEMENT OF TIME (JBG).

03/22/2005 Party(s):  RICHARD STRANG JR,MARJORIE STRANG,MACDONALD'S SUPER MARKET,MUTUAL ASSURANCE COMPANY
                      DISMISSED
         LETTER - FROM PARTY FILED ON 03/22/2005
         FROM CHARLES GILBERT, III, ESQ. STATING THE DEFENDANTS' POSITION IS THAT THEY DO NOT
         OBJECT TO THE MOTION TO FILE THE AFFIDAVIT LATE, BUT THEY COTINUE TO MAINTAIN THEIR
         OBJECTION TO THE PURPORTED ENLARGEMENT OF TIME IN WHICH TO RESPOND TO SUMMARY JUDGMENT. AD
                                               LATE FILING IS PERMITTED; IT WILL NOT DELAY
         HEARING. ON 03-25-05 COPIES MAILED TO RICK GORDON WINLING, ANDREWS CAMPBELL AND CHARLES
         GILBERT III, ESQS.

03/23/2005 Party(s):  RICHARD STRANG JR,MARJORIE STRANG
         OTHER FILING - REPLY MEMORANDUM FILED ON 03/23/2005
          DEFENDANTS MARJORIE AND RICHARD STRANG TO PLAINTIFF'S OPPOSITION TO DEFE  NDANTS' MOTION
         FOR SUMMARY JUDGMENT (JBG).

03/23/2005 Party(s):  RICHARD STRANG JR,MARJORIE STRANG
         RESPONSIVE PLEADING - RESPONSE FILED ON 03/23/2005
         OF DEFENDANTS MARJORIE AND RICHARD STRANG TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL
         FACTS (JBG).

03/25/2005 Party(s):  STANLEY G. KALIS
         MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/25/2005
         THOMAS E DELAHANTY II, JUSTICE
         PLAINTIFF, STANLEY KALIS REQUEST FOR ENLARGEMENT OF TIME TO FILE A SIGNED AFFIDAVIT OF
         PLAINTIFF, STANLEY KALIS. ON 03-25-05 COPIES MAILED TO RICK GORDON WINLING, ANDREWS
         CAMPBELL AND CHARLES GILBERT III, ESQS. AD

05/05/2005 HEARING - OTHER MOTION HELD ON 05/05/2005
         THOMAS E DELAHANTY II, JUSTICE
         Defendant's Attorney: CHARLES GILBERT III
         Plaintiff's Attorney:  RICK GORDON WINLING
         HEARING HELD ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO DISMISS.
         JUSTICE DELAHANTY TO SUBMIT ORDER TO GRANT BOTH MOTION. COURT TAKES MATTER UNDER
         ADVISEMENT. AD

05/05/2005 Party(s):  RICHARD STRANG JR,MARJORIE STRANG
         MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 05/05/2005
         THOMAS E DELAHANTY II, JUSTICE
         Defendant's Attorney: MARK LAVOIE
         Plaintiff's Attorney:  PHILIP P MANCINI
         TAPE NO 2498, INDEX 3 - 1334. AD

05/05/2005 Party(s): STANLEY G. KALIS
MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 05/05/2005
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: MARK LAVOIE
Plaintiff's Attorney: PHILIP P MANCINI

05/10/2005 Party(s): RICHARD STRANG JR,MARJORIE STRANG
MOTION - MOTION SUMMARY JUDGMENT MOOT ON 05/09/2005
THOMAS E DELAHANTY II, JUSTICE
THE DEFENDANTS WOULD OTHERWISE BE ENTITLED TO SUMMARY JUDGMENT; HOWEVER, BECAUSE THE COURT
HAS DISMISSED THE COMPLAINT, THE ISSUE IS MOOT AND AN ORDER IS NOT REQUIRED. COPIES MAILED
TO ATTORNEYS ON 5-10-05.

05/10/2005 Party(s): STANLEY G. KALIS
MOTION - MOTION TO DISMISS GRANTED ON 05/09/2005
THOMAS E DELAHANTY II, JUSTICE
DECISION AND ORDER FOR JUDGMENT; SEE ORDER MAY 10, 2005.

05/10/2005 ORDER - COURT ORDER ENTERED ON 05/09/2005
THOMAS E DELAHANTY II, JUSTICE
DECISION AND ORDER FOR JUDGMENT; THE CLERK WILL MAKE THE FOLLOWING ENTRIES AND THE ORDERS
AND JUDGMENT OF THE COURT; A. PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER IS DENIED.
B. PLAINTIFF'S MOTION TO CONTINUE IS DENIED. C. THE DEFENDANTS ARE ENTITLED TO A DISMISSAL
BASED ON PLAINTIFFS' REPEATED FAILURE TO APPROPRIATELY RESPOND TO DISCOVERY AND FOR
ABSOLUTE FAILURE TO COMPLY WITH THE COURT'S ORDER REGARDING ADR. D. DEFENDANTS' MOTION TO
DISMISS WITH PREJUDICE IS GRANTED. E. PLAINTIFFS' COMPLAINT IS DISMISSED WITH PREJUDICE.
F. THE DEFENDANTS WOULD OTHERWISE BE ENTITLED TO SUMMARY JUDGMENT; HOWEVER, BECAUSE THE
COURT HAS DISMISSED THE COMPLAINT, THE ISSUE IS MOOT AND AN ORDER IS NOT REQUIRED. G. THE
DEFENDANTS ARE AWARDED THEIR COSTS AS ALLOWED BY RULE AND STATUTE. ON 05-10-05 COPIES
MAILED TO RICK GORDON WINLING, ANDREWS CAMPBELL AND CHARLES GILBERT, III, ESQS. MS.
DEOBRAH FIRESTONE, THE DONALD GARBRECHT LAW LIBRARY, GOSS MIMEOGRAPH, LOISLAW.COM, INC.

A TRUE COPY
ATTEST: _____
                    Clerk